UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

JACOB MCNAMEE,

    Plaintiff,

v.

**COMPLAINT AND TRIAL BY JURY DEMAND**

DEBSKI & ASSOCIATES, P.A.,

    Defendant.
_____/

## NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Jacob McNamee ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Hillsborough, and City of Lithia.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Debski & Associates, P.A. ("Defendant"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal Capital One credit card (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. On or about May 13, 2009, in connection with the collection of the Debt, Defendant obtained a judgment against Plaintiff in the amount of $2,171.57 plus post-judgment interest.

12. A true and accurate copy of the May 13, 2009 judgment is attached to this complaint at Exhibit A.

13. The May 13, 2009 judgment stated that "[t]he Final Judgment *shall* bear interest on the unpaid balance at the statutory rate pursuant to F.S.55.03." Exhibit A (emphasis added).

14. In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated January 8, 2016.

15. A true and accurate copy of Defendant's January 8, 2016 letter to Plaintiff is attached to this complaint as Exhibit B.

16. Defendant's January 8, 2016 letter identified the balance of the Debt as $3,129.05.

17. Defendant's January 8, 2016 letter failed to inform Plaintiff that Debt was subject to increase due to accrued interest, fees, or other charges.

18. In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated March 31, 2016.

19. A true and accurate copy of Defendant's March 31, 2016 letter is attached to this complaint as Exhibit C.

20. Defendant's March 31, 2016 letter identified the balance of the Debt at $3,129.05.

21. The balance stated in Defendant's March 31, 2016 letter did not increase from the balance stated in Defendant's January 8, 2016 letter.

22. However, Defendant elected to collect post-judgment interest as the balance increased by $957.48 since the May 13, 2009 judgment.

23. Defendant's omission of accrued interest in its March 31, 2016 letter would deceive or mislead the least sophisticated consumer as to the character and amount of the Debt.

24. Thus, Defendant's January 8, 2016 letter and March 31, 2016 letter failed to clearly and effectively state the amount of the Debt as required pursuant to 15 U.S.C. § 1692g(a)(1).

25. Defendant's omission of this information is misleading to the least sophisticated consumer.

26. Further, Defendant's counsel sent Plaintiff's counsel ("Counsel") a letter dated May 10, 2016.

27. A true and accurate copy of the May 10, 2016 letter is attached to this complaint as Exhibit D.

28. The May 10, 2016 letter informed Counsel that Defendant's "client has been instructed by [the creditor] Capital One to cease collecting post-judgment interest on this account."  Exhibit D.

29. Prior to receiving the January 8, 2016 letter and the March 31, 2016 letter, Plaintiff did not receive anything in writing stating that Defendant or the creditor would either cease or intended to cease the collection of the court mandated post-judgment interest.

30. Consequently, Defendant sent the January 8, 2016 letter and the March 31, 2016 letter without providing Plaintiff anything in writing advising him that Defendant or the creditor ceased the collection of the court mandated post-judgment interest.

31. Courts agree that statutory post-judgment interest rates may not be waived absent an express agreement. *See Whitehurst v. Camp,* 699 So. 2d 679, 682 (Fla. 1997) ("[T]he parties must expressly provide that [a] specified rate governs postjudgment interest.") (alterations added); *Fidelity Fed. Bank v. Durga Ma Corp.*, 387 F.3d 1021, 1023 (9th Cir. 2004) ("An exception to [28 U.S.C.] § 1961 exists when the parties contractually agree to waive its application.") (citing *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1107-08 (9th Cir. 1998)) (alteration added); *OneBeacon Ins. Co. v. T. Wade Welch & Associates,* No. H-11-3061, 2015 WL 926515, at *4 (S.D. Tex. Mar. 4, 2015) ("While the court notes that the Welch Litigants offered to waive the statutory post-judgment interest, since there has been no agreement amongst the parties stipulating to this waiver, the court must also award interest . . . .").

32. Plaintiff's counsel asked Defendant to provide an affidavit or other express evidence to show the creditor's agreement to cease collecting interest.

33. However, Defendant refused to provide the same.

34. By having a judgment against him that "*shall* bear interest on the unpaid balance at the statutory rate," Exhibit A (emphasis added), and by not being provided anything in writing advising that Defendant or the creditor ceased the collection of post-judgment interest on that judgment, the least sophisticated consumer would not know whether the post-judgment interest was, in fact, waived.

35. Consequently, the least sophisticated consumer would not know whether the judgment was truly accruing interest, which is deceiving or misleading to the least sophisticated consumer as to the character and amount of the Debt.

36. Because Defendant or the creditor ceased collecting the court mandated post-judgment interest, Defendant acted unconscionably by failing to advise Plaintiff of this fact in writing.

37. Defendant's omission of this information is deceiving and misleading to the least sophisticated consumer.

38. In the alternative, if Defendant or the creditor is not permitted to waive the court mandated post-judgment interest then Defendant's January 8, 2016 letter and March 31, 2016 letter falsely represented the character and amount of the Debt.

39. However, if Defendant or the creditor is permitted to waive the post-judgment interest then Defendant falsely represented the character of the Debt because, based upon the mandatory language of the May 13, 2009 judgment, the least sophisticated consumer would still reasonably believe that the post-judgment interest was accruing and Defendant, prior to or simultaneously with its January 8, 2016 letter and March 31, 2016 letter, failed to advise otherwise.

40. Consequently, from the May 13, 2009 judgment and Defendant's January 8, 2016 letter and March 31, 2016 letter, the least sophisticated consumer would not know the true character and amount of the Debt.

41. Accordingly, Defendant's January 8, 2016 letter and March 31, 2016 letter falsely represented the character and/or amount of the Debt, and Defendant used false, deceptive, or misleading representations or means in connection with the collection of the Debt.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

42. Plaintiff repeats and re-alleges each and every factual allegation above.

43. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

44. Plaintiff repeats and re-alleges each and every factual allegation above.

45. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692f

46. Plaintiff repeats and re-alleges each and every factual allegation above.

47. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of any debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

48. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 3, 2016

Respectfully submitted,

/s/ Alex D. Weisberg
Alex D. Weisberg
FBN: 0566551
Weisberg Consumer Law Group, PA
Attorneys for Plaintiff
5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206