**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASE NO. 8:16-CV-02272-VMC-TBM

JACOB MCNAMEE,

      Plaintiff,

**PLAINTIFF'S RESPONSE TO
DEFENDANTS MOTION TO
DISMISS**

v.

DEBSKI & ASSOCIATES, P.A.,

      Defendant.

_____/

## I.    Introduction.

This case is about a consumer who received a judgment which stated that post-judgment interest shall accrue on his debt but later received two collection letters which had increased by $957.48 since the original judgment yet had not increased between January and March.  Defendant Debski & Associates, P.A.'s ("Defendant") sent collection letters to Plaintiff Jacob McNamee ("Plaintiff"), which were silent as to whether interest was accruing on the debt and at least one of which falsely stated the amount that Plaintiff actually owed.  Defendant's failure to clearly convey the amount and legal status of Plaintiff's debt puts Plaintiff at a disadvantage for making fully informed decisions regarding the payment of his debt.  Without further information, the least sophisticated consumer would be unsure whether its debt was increasing and would be left in the untenable position of either asking the debt collector about the accrual of interest or risk that that debt may raise again due to post-judgment interest.  In deciding Defendant's motion to dismiss, the following five issues are before this Court:

1. Courts interpreting Florida state law have held that—absent an express agreement to the contrary—post-judgment interest "shall" accrue on a debt until it is paid in full.

1

Fla. Stat. § 55.03.  Without ever notifying Plaintiff, Defendant states that it had stopped collecting post-judgment interest after the judgment had already accrued an additional $957.48.  Did Defendant attempt to avoid FDCPA liability by simply stating that it had stopped collecting post-judgment interest without offering any evidence of an express agreement?

2. The Fair Debt Collection Practices Act ("FDCPA") prohibits debt collectors from falsely representing the amount of the debt.  15 U.S.C. § 1692e(2)(A).  Defendant attempted to collect the same amount in two collection letters when, in fact, interest had accrued on the debt and the amount Plaintiff owed on March 31, 2016 had increased from January 8, 2016.  Did Defendant falsely represent the amount of the debt in its March 31, 2016 collection letter when it failed to properly add post-judgment interest to the listed balance?

3. The FDCPA prohibits debt collectors from falsely stating the character or legal status of the debt.  15 U.S.C. § 1692e(2)(A).  Whether interest is legally accruing is a fundamental characteristic of the debt.  Defendant's collection letters to Plaintiff represented that post-judgment interest was not accruing, when in fact it was.  Did Defendant falsely represent the character or legal status of the debt?

4. The FDCPA prohibits debt collectors from making any false, deceptive, or misleading representations in an attempt to collect a debt.  15 U.S.C. § 1692e.  The statement of an amount due, without notice that the amount is increasing due to accruing interest or other charges, can mislead the consumer into believing that payment of the amount stated would satisfy the debt.  Here, Plaintiff's debt was subject to accrual of post-judgment interest, but Defendant's collection letters failed to explain that the debt was subject to increase.  Did Defendant make a false, deceptive, or misleading representation in attempting to collect Plaintiff's debt?

5. The FDCPA prohibits debt collectors from using unfair or unconscionable means in connection with the collection of a debt.  15 U.S.C. § 1692f.  Defendant alleges that post-judgment interest had been waived on Plaintiff's debt, but refused to provide evidence of any express agreement.  Because an express agreement is required to waive post-judgment interest, Defendant willfully prevented Plaintiff from being able to show the legal status of his debt.  Did Defendant act unfairly in connection with its attempts to collect Plaintiff's debt?

## II.    Statement of material facts.

Plaintiff is a natural person allegedly obligated to pay a debt and a "consumer" as defined by 15 U.S.C. § 1692a(3).  Doc. 1 at ¶¶ 5, 8.  Defendant is a "debt collector," as defined by 15 U.S.C. § 1692a(6), who was at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff as defined by 15 U.S.C. § 1692a(5).  Doc. 1 at ¶¶ 6-7.  On May 13, 2009,

Capital One Bank, N.A. obtained a judgment against Plaintiff for $2,171.57 in the Hillsborough County Court for the State of Florida. *See* Doc. 1-1. The judgment further stated: "The Final Judgment [of $2,171.57] shall bear interest on the unpaid balance at the statutory rate pursuant to F.S.55.03." Doc. 1-1.

On January 8, 2016, Defendant sent Plaintiff a letter in an attempt to collect the debt. Doc. 1-2. The January 8, 2016 letter listed the current balance of the debt as $3,129.05 and failed to state that the debt was subject to increase. Doc. 1-2. Over two months later, on March 31, 2016, Defendant sent Plaintiff another letter in an attempt to collect the debt. Doc. 1-3. The March 31, 2016 letter again stated that the balance of the debt was $3,129.05. Doc. 1-3. This amount is identical to the amount Defendant had attempted to collect on January 8, 2016, despite the court order which stated that the debt "shall bear interest" until paid. Doc. 1 at ¶¶ 13, 16, 20-21.

Plaintiff's legal counsel reached out to Defendant to attempt to resolve Plaintiff's claims prior to litigation. Doc. 1 at ¶¶ 26-28. In response, Defendant's counsel sent Plaintiff's counsel a letter on May 10, 2016, which stated: "the reason why the balance did not increase is that [Defendant] has been instructed by Capital One to cease collecting post-judgment interest on this account." Doc. 1-4. Prior to Defendant's May 10, 2016 letter to Plaintiff's counsel, Plaintiff had not been given any notification that Capital One had decided to cease collecting post-judgment interest. Doc. 1 at ¶ 29. Plaintiff's counsel asked Defendant to provide evidence that post-judgment interest had been waived. Doc. 1 at ¶ 32. However, Defendant refused to provide evidence of such an agreement. Doc. 1 at ¶ 33.

## III.    Legal standard.

"To survive a motion to dismiss, a complaint need only present sufficient facts, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Renfroe v. Nationstar Mortgage,*

*LLC*, 822 F.3d 1241, 1243-44 (11th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Id.* "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

## IV.     The FDCPA is meant to be liberally construed in favor of the least sophisticated consumer.

"Congress passed the FDCPA to address the widespread and serious national problem of debt collection abuse by unscrupulous debt collectors." *Currier v. First Resolution Inv. Corp.*, 762 F. 3d 529, 533 (6th Cir. 2014) (citing S. Rep. No. 95-382, at 2 (1977)). In order to further this interest, the FDCPA forbids the use of unfair, false, deceptive, or misleading representations or means in connection with the collection of any debt. *See* 15 U.S.C. §§ 1692e, 1692f.

The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002); *Hamilton v. United Healtcare of Louisiana, Inc.*, 310 F. 3d 385, 392 (5th Cir. 2002); *Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 705 (9th Cir. 2010). "Most important, because the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards

abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk.  As we have oft repeated, it does not seem 'unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.'"  *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1171-72 (9th Cir. 2006) (quoting *FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 393 (1965)).

### A.    The FDCPA imposes a strict-liability standard.

The FDCPA is a strict liability statute.  *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010); *see also Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 997 (7th Cir. 2003).  "The FDCPA typically subjects debt collectors to liability even when violations are not knowing or intentional."  *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011).  "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages."  *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir. 1996).  "A single violation of any provision of the Act is sufficient to establish civil liability under the FDCPA."  *Taylor v. Perrin, Landry, deLaunay & Durand,* 103 F.3d 1232, 1238 (5th Cir. 1997).  Although Plaintiff has alleged multiple violations of the FDCPA, detailed herein, a single violation is enough to establish civil liability under the FDCPA.

### B.    The FDCPA is interpreted in accordance with the least sophisticated consumer standard.

The FDCPA is to be interpreted in accordance with the objective "least sophisticated" consumer standard.  *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985) (adopting the "least sophisticated" consumer standard); *LeBlanc*, 601 F.3d at 1194 ("The 'least-sophisticated consumer' standard is consistent with basic consumer-protection principles.").  The least sophisticated consumer standard is meant for the protection of "the public—that vast multitude

which includes the ignorant, the unthinking, and the credulous . . . [t]he fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." *LeBlanc* 601 F.3d at 1194 (quoting *Jeter*, 760 F.2d at 1172-73).

## V.      Post-judgment interest is accruing on Plaintiff's debt.

 Defendant maintains that Capital One decided to waive the post-judgment interest at a prior—and undisclosed—date, and that Defendant therefore seeks to collect the correct amount. Defendant's position is untenable. Absent an express stipulation—which does not exist here—Fla. Stat. § 55.03 mandates the accrual of post-judgment interest.

### A.      Post-judgment interest is mandatory and applied automatically.

Florida's post-judgment interest is governed by Fla. Stat. § 55.03, and the rate is determined by the comptroller of the State of Florida at the time the judgment is entered.  *See* Fla. Stat. § 55.03.  "Where the statute's language is clear or unambiguous, courts need not employ principles of statutory construction to determine and effectuate legislative intent."  *Townsend v. R.J. Reynolds Tobacco Co.*, 192 So. 3d 1223, 1228 (Fla. 2016) (quoting *Trinidad v. Fla. Peninsula Ins. Co.,* 121 So. 3d 433, 439 (Fla. 2013)).  "We can recall few statutes that are as clear and unambiguous as the 2010 version of section 55.03(3): 'The interest rate established at the time a judgment is obtained *shall remain the same until the judgment is paid.*'" *Id.* (quoting § 55.03, Fla. Stat. (2010)) (emphasis in original).  "Generally, the word 'shall' is interpreted as mandatory in nature.  Thus, once a judgment was obtained at the time that this statute was applicable, the rate of interest provided in the statute cannot change." *Id.* at 1229.

Post-judgment interest is applied automatically by § 55.03 regardless of whether the judgment provides for the interest. *See Port-A-Weld, Inc. v. Padula & Wadsworth Const., Inc.,*

984 So. 2d 564, 571 (Fla. Dist. Ct. App. 2010) ("[J]udgments automatically bear post-judgment interest by operation of law, whether they say so or not."); *see also Westport Recovery Corp. v. Batista,* 965 So. 2d 1189, 1191 (Fla. Dist. Ct. App. 2007) ("The amount awarded for prejudgment interest . . . *automatically* bears interest as provided by section 55.03 Florida Statutes") (quoting *Quality Engineered Installation, Inc. v. Higley S., Inc.,* 670 So. 2d 929, 931 (Fla. 1996)) (emphasis in original).

### B.   Post-judgment interest may only be waived by an express agreement.

While parties may agree to a rate different from § 55.03, any such agreement must be explicit. *Whitehurst v. Camp,* 699 So. 2d 679, 682 (Fla. 1997) ("To contractually set the interest rate applicable to a judgment or decree arising from a contract, the parties must expressly provide that the specified rate governs post-judgment interest."); *see also Roger's Cushions, Inc. v. Baroody,* 683 So. 2d 542 (Fla. Dist. Ct. App. 1996) (holding that the Florida statute applies to post-judgment interest—rather than the contractual interest rate—because the contract between the parties did not expressly provide that it applied to post-judgment interest). In Florida, waiver of any right to interest requires an express and specific agreement. *See Nielsen-Miller Const. Co. v. Pantlin/Prescott, Inc.*, 602 So. 2d 1366, 1369 (Fla. Dist. Ct. App. 1992) ("In order to waive post-default, prejudgment interest, the parties must expressly and specifically provide in some way that even post-default interest has been waived.").

Similarly, courts to apply the federal post-judgment interest statute have found that "a post-judgment interest rate other than [] § 1961 specifies is enforceable so long as the parties indicate their intent to override the statute using 'clear, unambiguous and unequivocal language.'" *Newmont U.S.A. Ltd. v. Ins. Co. of N. Am.*, 615 F.3d 1268, 1276–77 (10th Cir. 2010) (quoting *Soc'y of Lloyd's v. Reinhart*, 402 F.3d 982, 1004 (10th Cir. 2005)). In *OneBeacon Ins. Co. v. T.

*Wade Welch & Associates*, the Southern District of Texas denied the plaintiff's offer to waive post-judgment interest because the federal statute—28 U.S.C. § 1961—required post-judgment interest. No. H-11-3061, 2015 WL 926515, at *4 (S.D. Tex. Mar. 4, 2015).   Specifically, the court held that, absent a stipulation between the parties, the statute mandated an award of post-judgment interest:

> [The parties] stat[e] that they "do not seek post-judgment interest under 28 U.S.C. § 1961(a) on the amount of the state court malpractice judgment."  The court, however, is not free to simply award a different rate than required by the statute.  If the court were to award only the $1,720.70 a day and not award the statutory post-judgment interest, then the court would be contravening the requirements of 28 U.S.C. § 1961 and numerous cases interpreting it, that indicate that the statutory post-judgment interest is mandatory and the only exception is a stipulation between the parties.

*Id.*

### C.    Post-judgment interest is accruing on Plaintiff's debt as no express agreement exists.

Here, no express agreement was entered into between Capital One and Plaintiff which expressly stopped the collection of post-judgment interest.   Defendant maintains that it was instructed by Capital One to waive post-judgment interest by Capital One and that the March 31, 2016 letter accurately states the amount Plaintiff owes on the debt.   Doc. 1-4.   However, Defendant's defense seems disingenuous at best.   Defendant had at no point offered proof to Plaintiff or his counsel that post-judgment interest had been waived.   Doc. 1 at ¶ 26-29.   A debt collector may only override the Florida statute using "clear, unambiguous, and unequivocal language."   *Newmont*, 615 F.3d at 1277 (quoting *Soc'y of Lloyd's*, 402 F.3d at 1004).   As in *OneBeacon*, there is no express written agreement which shows an agreement or stipulation between the parties to waive post-judgment statutory interest.   Despite Plaintiff's requests, Plaintiff has never received any documentation that proves that Capital One had waived post-judgment

interest.  *See* Doc. 1 at ¶ 32-33.  In fact, Defendant has still offered no evidence that Capital One actually stopped collecting post-judgment interest.  *See* Doc. 6.  Absent an express agreement from Capital One, interest would continue to accrue and Defendant, therefore, failed to accurately state the amount of the debt.

>    **D.    Without an express agreement, the least sophisticated consumer is harmed by allowing a debt collector to merely state that it waived post-judgment interest without legally doing so.**

Without proof or notification that post-judgment interest had been waived, the least sophisticated consumer could be placed in the untenable position of having to ask the debt collector if interest is accruing (essentially telling the collector his balance should be higher) or assuming that interest has been waived and risking further interest being added retroactively.  The least sophisticated consumer would be defenseless from a subsequent third party debt collector who, upon purchasing the debt, retroactively decided to add and collect all the post-judgment interest it was entitled to.  In fact, without any proof or notification, nothing is legally preventing Capital One, Defendant, or a subsequent debt buyer or collector from reinstituting post-judgment interest against Plaintiff at some later time.

 The least sophisticated consumer could have read either collection letter as listing the full balance owed and use that to inform his decision on whether to pay this debt now or to prioritize other debts or expenses which he may know to accrue interest.  "The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer."  *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).  Without an express agreement, the least sophisticated consumer would be harmed by not having all the relevant information to make an informed decision regarding payment of his debt.  Here,

Defendant harmed Plaintiff and violated the FDCPA by retroactively stating that it had waived post-judgment interest, without legally doing so.  *See* 15 U.S.C. §§1692e, 1692e(2)(A), 1692f.

## VI.    Defendant violated 15 U.S.C. § 1692e(2)(A) by failing to accurately state the amount of the debt.

The FDCPA forbids a debt collector from using false, deceptive, or misleading means in connection with the collection of any debt including the "false representation of—the character, amount, or legal status of any debt."  15 U.S.C. § 1692e(2)(A).  Thus, the plain-language of the FDCPA makes it clear that any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA.  *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period.").

Here, Capital One obtained a judgment against Plaintiff for $2,171.57, which: "shall bear interest on the unpaid balance at the statutory rate pursuant to F.S.55.03."  Doc. 1-1.  The statutory rate that applies is listed on the Florida Chief Financial Officer's website.[1]  On January 8, 2016, Defendant sent a collection letter to Plaintiff, the balance of which had increased—due to post-judgment interest and other costs—to $3,129.05.[2]  Doc. 1-2. Over two months later, Defendant sent another collection letter on March 31, 2016 which attempted to collect the exact same amount as the January 8, 2016 letter.  Doc. 1-3.  Based on the current interest rate, Plaintiff's debt increased by $27.22 in interest that had accrued between January 8 and March 31.  Because of the mandatory nature of the Florida post-judgment interest statute, this interest should have been reflected in the March 31, 2016 letter.  Defendant's March 31, 2016 letter failed to accurately inform Plaintiff of the amount of the debt, and therefore violated § 1692e(2)(A).

---

[1] http://www.myfloridacfo.com/division/aa/vendors/JudgmentInterestRates.htm
[2] Based on post-judgment interest alone, the amount of the debt would have been $3,032.73 on January 8, 2016 and $3,059.95.  Both these amounts are less than the amount that Defendant attempted to collect.  Upon information and belief this is due to other costs of collection.

**VII.    Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character and legal status of the debt.**

"The FDCPA prohibits debt collectors from using any false representation as to the 'legal status of any debt.'" *Bacelli v. MFP, Inc.*, 729 F. Supp. 2d 1328, 1332 (M.D. Fla. 2010) (quoting 15 U.S.C. § 1692e(2)(A)); *see also Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2000) (holding that debt collector had violated § 1692e(2)(A) for giving "a false impression as to the legal status [the consumer] enjoyed"). Here, Defendant falsely represented the character and legal status of the debt in both its collection letters by representing that post-judgment interest was not accruing on the debt when, in fact, it was.

As stated above, *supra* Section V, absent an express written confirmation that Capital One had waived the collection of post-judgment interest, interest would continue to accrue. Defendant failed to accurately state the character or legal status of the debt in its January 8, 2016 and March 31, 2016 letters. Black's Law Dictionary defines an individual's status as "the sum total of a person's legal rights, duties, liabilities, and other legal relations." STATUS, Black's Law Dictionary (10th ed. 2014). Clearly, whether a debt is subject to post-judgment interest goes to the character and legal status of the debt as it directly impacts a consumer's legal rights, duties, and liabilities. *Id.* Because post-judgment interest continued to accrue on Plaintiff's debt, Defendant falsely represented the character or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A).

**VIII.  Defendant violated 15 U.S.C. § 1692e because it is misleading not to disclose to the least sophisticated consumer that interest is accruing on the debt.**

The FDCPA establishes a general prohibition against the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  One of the goals of this section is "that the unsophisticated consumer is to be protected against confusion whatever form it takes." *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997). "The [FDCPA] is debtor-oriented. What the debtor needs to know is what he or she owes." *Marucci v. Cawley & Bergmann, LLP*, 66 F. Supp. 3d 559, 566–67 (D.N.J. 2014).

Specifically at issue here, Defendant failed to inform Plaintiff in its collection letters that Plaintiff's debt was subject to increase due to the accrual of interest.  In *Avila v. Riexinger & Associates, LLC*, the Second Circuit faced similar facts and held that the FDCPA requires debt collectors to notify consumer that their debt is subject to increase:

> Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts.

*Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

Many other courts that have addressed this issue have similarly held that it is "misleading for the 'least sophisticated consumer' who could readily conclude that the total amount stated as due [] was due *at any time*, when in fact it was not . . .." *Dragon v. I.C. Sys., Inc.*, 483 F. Supp. 2d 198, 203 (D. Conn. 2007); *Marucci*, 66 F. Supp. 3d at 567 ("debt collectors must disclose the accrual of interest to satisfy the obligation to state 'the amount of the debt'"); *Michalek v. ARS Nat. Sys., Inc.*, No. 3:11–CV–1374, 2011 WL 6180498 at *4 (M.D. Pa. Dec. 13, 2011) ("holding

out a final amount due without further warning of its tendency to increase is what was ultimately considered problematic for the unsophisticated consumer"); *Jackson v. Aman Collection Serv.*, No. IP 01–0100–C–T/K, 2001 WL 1708829 at *3 (S.D. Ind. Dec. 14, 2001) (finding that plaintiff stated a claim because the accrual of interest was not sufficiently explained in the letter).

As explained in *Snyder v. Daniel N. Gordon*, failure to state whether interest is accruing is also deceptive under § 1692e as the debt subject to two reasonable interpretations, one of which must be false:

> None of the letters provided further detail regarding when or how the balance had been calculated, whether it included interest, or whether interest continued to accrue. The court finds that the "least sophisticated consumer" could have read these letters in at least two different ways. *On one hand*, an unsophisticated consumer could reasonably conclude that the balance was a fixed amount that would not be subject to further interest, late fees, or other charges. *On the other*, an unsophisticated consumer could just as reasonably determine that the balance would continue to grow over time as interest accrued. *One of those meanings would necessarily be inaccurate*. Therefore, the court finds that Defendants' letters were deceptive as a matter of law.

*Snyder v. Daniel N. Gordon, P.C.*, No. C11-1379 RAJ, 2012 WL 3643673, at *3 (W.D. Wash. Aug. 24, 2012) (emphasis included); *see also Brown v. Card Serv. Ctr*, 464 F.3d 450, 455 (3d Cir. 2006) (internal quotations omitted) ("A debt collection letter is deceptive where 'it can be reasonably read to have two or more different meanings, one of which is inaccurate.'"); *Marucci*, 66 F. Supp. 3d at 566 (quoting *Michalek*, 2011 WL 6180498, at *3 (M.D. Pa. Dec. 13, 2011)) ("[B]ecause the 'balance' could be 'either a dynamic or static amount . . . [the letters] are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under [§ 1692e(10)].").

Here, Defendant's failure to state that the debt was subject to increase in either its January 8, 2016 and March 31, 2016 letters were deceptive and misleading means in connection with the collection of the debt.  Defendant's omission of this information would mislead the least

sophisticated consumer, who—upon reading either the January 8, 2016 or March 31, 2016 letter—would be unsure whether paying the current balance would pay the debt in full or whether interest would have accumulated.  *See Avila*, 817 F.3d at 76 ("The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer."). The least sophisticated consumer could also use this information to prioritize payment of other debts when, in fact, this debt was subject to increase from post-judgment interest, costs of post-judgment execution, and attorney's fees.  Defendant's omission is also deceptive because Plaintiff could reasonably conclude from the collection letters whether or not interest would accrue, and one of those conclusions must be false.  *Brown*, 464 F.3d at 455.  Defendant also failed to include "safe harbor" language which would allow Defendant to state a balance owed while also informing Plaintiff that the debt may increase.  *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000).

Even if Capital One properly waived post-judgment interest—it did not—Defendant still failed to inform Plaintiff that the debt was subject to increase from costs of post-judgment execution and attorney's fees.  One specific example of this is in the January 8, 2016 letter where Defendant notified Plaintiff of its intent to implement a debtor's examination.  Doc. 1-2.  This examination would certainly result in additional cost by Defendant in connection with the collection of the debt and cause the debt to increase.  Therefore Defendant's failure to inform Plaintiff that the debt was subject to increase was deceptive and misleading to the least sophisticated consumer.

**IX.    Defendant's failure to provide notification or proof of waiver of post-judgment interest is unfair and unconscionable under 15 U.S.C. § 1692f.**

The FDCPA forbids the "use of unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  While the FDCPA specifically lists eight actions which would violate the section, "the subsections are not intended to limit general application of the 'unfair or unconscionable' means prohibition." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1199 (11th Cir. 2010).  While the FDCPA does not offer a definition for its use of the terms 'unfair' or 'unconscionable,' the Eleventh Circuit has looked to the plain meaning of these terms and have focused liability on a debt collector's deceptive actions:

> The plain meaning of 'unfair' is 'marked by injustice, partiality, or deception.' Significantly, in *Jeter,* we noted in dictum that in the FTC context, '[a]n act or practice is deceptive or unfair ... if it has the tendency or capacity to deceive.' The term "unconscionable" means 'having no conscience'; 'unscrupulous'; 'showing no regard for conscience'; 'affronting the sense of justice, decency, or reasonableness.'

*Id.* at 1200 (quoting *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 (11th Cir. 1985)) (quoting Black's Law Dictionary 1526 (7th ed. 1999)).  Whether a debt collector uses unfair or unconscionable means is assessed under the least-sophisticated consumer standard. *Id.* at 1202.

The veracity of Defendant's claims regarding waiver of post-judgment interest is, at best, questionable given that Defendant has yet to offer any substantive proof and only informed Plaintiff that post-judgment interest was waived when attempting to avoid FDCPA liability for § 1692e claims.  However, if Capital One intended to waive its right to collect post-judgment interest, Defendant acted unfairly and unconscionably by failing to notify Plaintiff of this fact, or provide any express proof.  Prior to the May 10, 2016 letter from Defendant's counsel, Plaintiff was completely unaware that Capital One had allegedly decided to waive post-judgment interest. Without notification from Capital One or Defendant, the least sophisticated consumer would have

no idea that post-judgment interest was waived because the judgment against Plaintiff states: "The Final Judgment *shall* bear interest on the unpaid balance . . .." Doc. 1-1 (emphasis added).  Without proof or notification that post-judgment interest had been waived, Plaintiff would be defenseless from Capital One or a subsequent third party debt collector who could retroactively decide to collect all the post-judgment interest it was entitled to.

Alternatively, if Capital One merely stated that it had waived post-judgment interest to avoid liability under the FDCPA, this too would be unfair and unconscionable in violation of § 1692f.  Defendant's position that it simply decided to stop collecting post-judgment interest, after having already collected $957.58 in post-judgment interest, is implausible.  Defendant wants this Court to believe that, for no stated reason, Capital One decided to "bestow a voluntary benefit on a consumer" and wanted less money than it was otherwise entitled to collect.  *See* Doc. 6-1 at 1. Defendant's only proof to show that it had, in fact, waived the post-judgment interest was a cursory statement that "the debt was not subject to an increase, because Defendant had been told to stop adding post-judgment interest to the account." Doc. 6-1.  Defendant also cited to one of Plaintiff's exhibits in its motion to dismiss where Defendant's counsel stated: "the reason why the balance did not increase is that my client has been instructed by Capital One to cease collecting post-judgment interest on this account."  Doc. 1-4.  Missing from Defendant's explanation of these events is when they stopped collecting post-judgment interest, why they were instructed to stop collecting interest, or any written proof that would confirm that post-judgment interest had truly been waived.  Instead, Defendant is attempting to claim that this case is a benefit for Plaintiff so that Defendant may evade its liability under the FDCPA.  As mentioned above, there is no benefit where Plaintiff has no recourse when Capital One sells this debt to a third party debt collector who

can attempt to collect the entire amount of post-judgment interest or if Defendant decides that they will attempt to collect the entire amount.

Therefore, if Defendant actually waived post-judgment interest, its failure to communicate this fact to Plaintiff—until it was facing litigation for violations of the FDCPA—violates § 1692f.

## X.      Conclusion.

This Court should not accept Defendant's bare attempts at avoiding liability under the FDCPA.  Defendant attempts to state that they "bestow[ed] a benefit on the Plaintiff, even if such benefit is undeserved . . . ."  Doc. 6-1 at 4.  However, this supposed benefit not only kept Plaintiff in the dark about the status of his debt but, without proof, is only temporary as a third party debt collector or Defendant could later charge Plaintiff the entire amount of post-judgment interest. Even if it was true that Capital One and Defendant wanted to collect less money from Plaintiff than they were entitled to, they failed to properly waive post-judgment interest and, instead, are making false, deceptive, and misleading statements about the amount and character of the debt. For these reasons and the reasons stated above, Plaintiff respectfully requests that this Court deny Defendant's motion to dismiss.

Dated: September 19, 2016

Respectfully submitted,

/s/ Alex D. Weisberg
Alex D. Weisberg
FBN: 0566551
Weisberg Consumer Law Group, PA
Attorneys for Plaintiff
5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 19, 2016, the foregoing was filed with the Court using CM/ECF,

which will send a copy of such filing to all counsel of record.

<u>/s/Alex D. Weisberg</u>
Alex D. Weisberg