UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACOB MCNAMEE,

    Plaintiff,

v.                                Case No. 8:16-cv-2272-T-33TBM

DEBSKI & ASSOCIATES, P.A.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Debski & Associates, P.A.'s Motion to Dismiss (Doc. # 6), filed on August 26, 2016. Plaintiff Jacob McNamee filed a response in opposition on September 19, 2016. (Doc. # 12). For the reasons that follow, the Motion is denied.

**I.  Background**

The present action arises from unpaid credit card debt. (Doc. # 1 at ¶ 9). On May 13, 2009, Capital One, a non-party to this action and the creditor that issued McNamee his credit card, obtained a stipulated judgment against McNamee in the amount of $2,171.57, plus interest at the rate set by Florida Statute Section 55.03. (Id. at ¶¶ 11-13; Doc. 1-1). Although the Complaint alleges Debski obtained the judgment in its favor (Doc. # 1 at ¶ 11), the attached judgment actually

states that Capital One obtained the judgment in its favor (Doc. # 1-1). "[A]nd if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." Hoefling v. City of Miami, 811 F.3d 1271, 1278 (11th Cir. 2016) (citations omitted).

Thereafter, Debski sent McNamee a letter dated January 8, 2016, which stated, "[t]his communication is from a debt collector. This letter is an attempt to collect a debt . . . ." (Doc. # 1-2). The letter also informed McNamee that his deposition had been scheduled in an action then pending and stated his balance due as $3,129.05. (Id.). Debski sent another letter to McNamee on March 31, 2016, this time in response to a request from McNamee for documentation. (Doc. # 1-3) (stating, "[e]nclosed please find the documentation you requested."). The March 31, 2016, letter again informed McNamee that it was from a debt collector and listed his balance due as $3,129.05. (Id.). Although the amount due did not change between the January 8, 2016, and March 31, 2016, letters, Debski had previously "elected to collect post-judgment interest as the balance increased by $957.48 since the May 13, 2009 judgment." (Doc. # 1 at ¶ 22).

Then, on May 10, 2016, counsel for Debski sent counsel for McNamee a letter in response to the latter's letter to

Debski sent April 29, 2016. (Doc. # 1-4). In his May 10, 2016, letter, counsel for Debski stated, in relevant part, "[m]y client's initial demand letter that included required FDCPA disclosures was sent on September 8, 2008. . . . [And,] the reason why the balance did not increase is that my client has been instructed by Capital One to cease collecting post-judgment interest on this account." (Id.). McNamee's counsel "asked Defendant to provide an affidavit or other express evidence to show the creditor's agreement to cease collecting interest. However, Defendant refused to provide the same." (Doc. # 1 at ¶¶ 32-33). Furthermore, prior to receiving the January 8, 2016, and March 31, 2016, letters, McNamee had not been informed that Debski or Capital One ceased collecting "the court mandated post-judgment interest." (Id. at ¶ 30).

McNamee subsequently filed suit against Debski in this Court on August 9, 2016. (Id.). The Complaint brings three Counts under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; namely, violation of 15 U.S.C. § 1692e(2)(A) (Count I); violation of 15 U.S.C. § 1692e(10) (Count II); and violation of 15 U.S.C. § 1692f (Count III). Debski now moves to dismiss the action with prejudice (Doc. # 6), to which McNamee filed a response is opposition. The motion is ripe for review.

3

**II.   Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) (stating "[o]n a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true"). However:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002).

4

**III. Analysis**

"Congress passed the FDCPA to protect consumers from debt collectors' abusive debt collection practices." Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367 (11th Cir. 1998)). "[T]he FDCPA prohibits debt collectors from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt' as well as the use of 'unfair or unconscionable' means of collection." LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010) (citations omitted). "The plain meaning of 'unfair' is 'marked by injustice, partiality, or deception.' Significantly, . . . '[a]n act or practice is deceptive or unfair . . . if it has the tendency or capacity to deceive.'" Id. at 1200 (citations and footnote omitted). For its part, "[t]he term 'unconscionable' means 'having no conscience'; 'unscrupulous'; 'showing no regard for conscience'; 'affronting the sense of justice, decency, or reasonableness.'" Id. (citations omitted).

"The FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute." Id. at 1190 (citation omitted).

5

> In order to prevail on an FDCPA claim, a plaintiff must plead and prove three elements. First, the plaintiff must have been the object of a collection activity arising from consumer debt. . . . Second, the defendant must be a debt collector as defined by the FDCPA. . . . Third, the defendant must have engaged in an act or omission prohibited by the FDCPA.

Erickson v. Gen. Elec. Co., 854 F. Supp. 2d 1178, 1182 (M.D. Fla. 2012) (citations omitted).

In deciding FDCPA actions brought under §§ 1692e and 1296f, as is the case here, the Eleventh Circuit applies the least-sophisticated consumer standard. LeBlanc, 601 F.3d at 1201.

> "'The least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." . . . However, the test has an objective component in that "[w]hile protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness . . . ."

Id. at 1194 (citations omitted); see also Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 75 (2d Cir. 2016)(defining least sophisticated consumer as "one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer").

The parties' contentions center on whether a debt collector's failure to inform a debtor that the creditor has

6

stopped collecting postjudgment interest on a judgment can violate the FDCPA. As the Complaint alleges, McNamee stipulated to judgment in a collection case and the court entered a judgment against McNamee in the amount of $2,171.57, plus interest at the rate set by Florida Statute Section 55.03. (Doc. # 1 at ¶¶ 11-13; Doc. 1-1). Thereafter, McNamee received two letters from Debski that listed his outstanding balance as $3,129.05. (Doc. ## 1-2, 1-3). The Complaint further alleges that Debski previously "elected to collect post-judgment interest as the balance increased by $957.48 since the May 13, 2009 judgment." (Doc. # 1 at ¶ 22). And, while counsel for Debski informed McNamee's counsel that Capital One had instructed Debski to cease collecting postjudgment interest (Doc. # 1-4), counsel for Debski would not provide evidence or verification of the same (Doc. # 1 at ¶¶ 32-33). Furthermore, prior to receiving the letters listing the balance as $3,129.05, McNamee had not been informed that Debski or Capital One ceased collecting "the court mandated post-judgment interest." (Id. at ¶ 30).

After review of the Complaint, and applying the least-sophisticated consumer standard, the Court finds that the Complaint plausibly states a claim to relief. In reaching this conclusion the Court first notes that, although citing

7

a general standard for FDCPA cases, Debski cites no authority specifically on point or that is persuasive in support of its arguments. In contrast, McNamee points the Court's attention to Avila, 817 F.3d 72, which the Court finds persuasive.

In Avila, two debtors received collection notices from the defendant that listed the "current balance" but did not disclose that the balance was subject to interest and late fees. Id. at 74. The debtors filed suit under the FDCPA, alleging the collection notices were misleading because the phrase "current balance" implied a static balance, rather than one that was accruing interest. Id. The defendant moved to dismiss, citing a line of cases that held no disclosure about interest or fees was required. Id. at 75. On appeal, the Second Circuit reversed, concluding that the debtors-turned-plaintiffs had plausibly stated a claim to relief under the FDCPA. Id. at 77. In so doing, the court reasoned that a debt collector can be subject to liability if it sends a collection notice that does not inform the debtor that the amount stated as owing may increase over time or "clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt . . . ." Id. at 77.

In this case, the two letters listed McNamee's balance as $3,129.05, which was an increase from the judgment amount. The letters did not inform McNamee that Capital One had instructed Debski to cease collecting postjudgment interest. Furthermore, Debski's counsel refused to provide written documentation that Capital One had foregone postjudgment interest, i.e., that Capital One was willing to accept $3,129.05 in full satisfaction of the debt. Because the letters did not "clearly state[] that the holder of the debt [would] accept payment of the amount set forth in full satisfaction of the debt . . .," Avila, 817 F.3d at 77, McNamee's Complaint plausibly states a claim to relief under the FDCPA.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Debski & Associates, P.A.'s Motion to Dismiss (Doc. # 6) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of September, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE