UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:16-CV-02272-VMC-TBM

JACOB MCNAMEE,

    Plaintiff,

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

v.

DEBSKI & ASSOCIATES, P.A.,

    Defendant.
_____/

**I.**    **Introduction.**

This case is about a consumer who received conflicting information about the amount and legal status of his debt, namely, whether his debt would continue to accrue post-judgment interest—as stated in a judgment order—or if his debt would remain static—as evidenced in Defendant's collection letters. To further add to Plaintiff's confusion, Defendant had already attempted to collect $957.48 in interest but then failed to provide any explanation for its sudden cease of accrual of interest on Plaintiff's debt. *See* Doc 13; *McNamee v. Debski & Associates, P.A.*, 8:16-CV-2272-T-33TBM, 2016 WL 5391396, at *3 (M.D. Fla. Sept. 27, 2016) (holding that "McNamee's Complaint plausibly states a claim to relief under the FDCPA" because the letters had failed to inform Plaintiff that Capital One had instructed Defendant to cease the collection of post-judgment interest and because Defendant has refused to provide written documentation evidencing the same).

The facts make clear that Defendant violated the Act. As a matter of law, Defendant falsely represented the character, amount, and legal status of the debt when it failed to inform and provide evidence to Plaintiff that the creditor had stopped collecting post-judgment interest in violation of

§§ 1692e(2)(A) and 1692e(10). Additionally, Defendant violated §§ 1692f and 1692e(10) because Defendant's failure to clearly convey that Capital One had waived post-judgment interest, or to otherwise provide express evidence that Defendant would accept a lesser amount than it was legally entitled to collect in full satisfaction of the debt, prevents the least sophisticated consumer from making fully informed decisions regarding the payment of the debt.  Without further information, the consumer would be unsure whether the debt was increasing, would continue to remain static, or would increase later if Capital One resumed collection of post-judgment interest. This lack of knowledge would leave the least sophisticated consumer in the untenable position of either asking the debt collector about the accrual of interest or risk that the debt may rise again later due to post-judgment interest.

II.     **Statement of undisputed material facts.**

On May 13, 2009, Capital One Bank, N.A. obtained a judgment against Plaintiff for $2,171.57 in the Hillsborough County Court for the State of Florida.  Doc. 1-1; *see* Doc. 1 at ¶¶ 11-12; Doc. 23 at ¶¶ 11-12.  The judgment further stated: "The Final Judgment [of $2,171.57] shall bear interest on the unpaid balance at the statutory rate pursuant to F.S.55.03."  Doc. 1-1; *see* Doc. 1 at ¶¶ 11-12; Doc. 23 at ¶¶ 11-12*.*  On January 8, 2016, Defendant sent Plaintiff a letter in an attempt to collect the alleged debt.  Doc. 1-2; *see* Doc. 1 at ¶¶ 14-15; Doc. 23 at ¶¶ 14-15.  The January 8, 2016 letter listed the current balance of the debt as $3,129.05 and failed to state that the debt was subject to increase.  Doc. 1-2; *see* Doc. 1 at ¶¶ 16-17; Doc. 23 at ¶¶ 16-17.  Over two months later, on March 31, 2016, Defendant sent Plaintiff another letter in an attempt to collect the debt.  Doc. 1-3; *see* Doc. 1 at ¶¶ 18-19; Doc. 23 at ¶¶ 18-19.  The balance of the debt listed on the March 31, 2016 letter had not increased from the previous letter and again stated that the balance was $3,129.05.  Doc. 1-3; *see* Doc. 1 at ¶¶ 16-17; Doc. 23 at ¶¶ 16-17.  This amount is

identical to the previous letter despite an order from the Thirteenth Judicial Circuit Court for Hillsborough County, Florida, which stated that the debt "shall bear interest" until paid and despite the fact that Defendant had already increased the balance of the debt by $957.48 due to post-judgment interest.  Doc. 1 at ¶¶ 13, 16, 20-22; Doc. 23 at ¶¶ 13, 16, 20-22; *see also* Docs. 1-1, 1-2. 1-3.

Plaintiff's counsel reached out to Defendant to attempt to resolve Plaintiff's claims prior to litigation.  Doc. 1 at ¶¶ 26-27; Doc. 23 at ¶¶ 26-27.  In response, Defendant's counsel stated: "The reason why the balance did not increase is that [Defendant] has been instructed by Capital One to cease collecting post-judgment interest on this account."  Doc. 1-4; *see also* Doc. 1 at ¶ 28; Doc. 23 at ¶ 28.  Plaintiff had not previously been given any notification that Capital One had decided to waive its right to collect post-judgment interest.  Doc. 1 at ¶ 29.  Plaintiff's counsel asked Defendant to provide an affidavit to prove that post-judgment interest had, in fact, been waived.  Doc. 1 at ¶ 32; Doc. 23 at ¶ 32.  However, Defendant refused to provide evidence of such an agreement.  Doc. 1 at ¶ 33; Doc. 23 at ¶ 33.

**III. Legal standard.**

Summary judgment is proper if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  This Court "must determine the relevant set of facts and draw all inferences in favor of the opposing party '*to the extent supportable by the record*.'"  *Garczynski v. Bradshaw*, 573 F.3d 1158, 1165 (11th Cir. 2009) (quoting *Scott v. Harris*, 550 U.S. 372, 381 n.8 (2007) (emphasis in original).  The requirement to view the facts in the nonmoving party's favor extends only to "genuine" disputes over material facts.  *Id.*  A "mere scintilla" of evidence is insufficient; the non-moving party must produce substantial evidence in order to defeat a motion for summary judgment.  *Kesinger v. Herrington*,

381 F.3d 1243, 1249-50 (11th Cir. 2004). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."). "If the evidence advanced by the non-moving party 'is merely colorable, or is not significantly probative, then summary judgment may be granted.'" *Pescatrice v. Orovitz*, 539 F. Supp. 2d 1375, 1377–78 (S.D. Fla. 2008) (quoting *Anderson,* 477 U.S. at 249-50).

**IV.    The FDCPA imposes a strict-liability standard that is construed liberally in favor of the consumer.**

"Congress passed the FDCPA to protect consumers from debt collectors' abusive debt collection practices . . . after finding 'abundant evidence of the use of abusive, deceptive, and unfair debt practices by many debt collectors.'" *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002) (quoting § 1692(a)) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367 (11th Cir. 1998)).

In order to offer the greatest level of protection to consumers, the FDCPA is a strict liability statute. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010). Therefore, "[t]he FDCPA typically subjects debt collectors to liability even when violations are not knowing or intentional." *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011). Further, "[a] single violation of the Act is sufficient to subject a debt collector to liability under the Act." *Lewis v. Marinosci Law Grp., P.C.*, No. 13-61676-CIV, 2013 WL 5789183, at *2 (S.D. Fla. Oct. 29, 2013).

The Eleventh Circuit applies the "least sophisticated consumer" standard to determine whether a debt collector's communication violates the FDCPA. *Jeter v. Credit Bureau, Inc.*, 760

4

F.2d 1168, 1175 (11th Cir. 1985). This objective standard does not consider "whether the particular plaintiff-consumer was deceived or misled; instead, the question is 'whether the 'least sophisticated consumer' would have been deceived' by the debt collector's conduct." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014) (quoting *Jeter*, 760 F.2d at 1177 n.11).

**V.   Defendant is liable under the FDCPA because Defendant, a debt collector, is attempting to collect a debt from Plaintiff, a consumer.**

"In order to prevail on a FDCPA claim, a Plaintiff must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Fuller*, 192 F. Supp. 2d at 1366 (quoting *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-1361 (S.D. Fla. 2000)).

Here, there is no dispute that Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) or that Defendant is a "debt collector," as defined by 15 U.S.C. § 1692a(6). Doc. 1 at ¶¶ 4, 8; Doc. 23 at ¶¶ 4, 8. In its amended answer, Defendant states that it "is without sufficient knowledge or information as to the nature of the debt it sought to collect from Plaintiff and therefore cannot admit or deny the allegations . . . ." Doc. 23 at ¶ 5.

**A.   Plaintiff's debt was a consumer debt as defined by 15 U.S.C. § 1692a(5).**

In order to state a claim under §§ 1692e and 1692f, Plaintiff must show that Defendant's conduct related to a "debt." 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any *debt*.") (emphasis added); 15 U.S.C. § 1692f ("a debt collector may not use unfair or unconscionable means to collect or attempt to collect any *debt*.") (emphasis included). The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which

5

the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

As evidenced by both the judgment and Defendant's collection letters, Defendant was attempting to collect a debt incurred in connection with a credit card debt through Capital One Bank. Docs. 1-1, 1-2, 1-3. Plaintiff's Capital One Bank credit card is a "debt" under the FDCPA because Plaintiff only used his credit card for personal and household expenses. *McNamee Decl.* at ¶ 5, attached to this motion as Exhibit A. Further, Plaintiff never used the Capital One Bank credit card for business purposes. *McNamee Decl.* at ¶ 6. Because the credit card debt at issue was spent for personal, family, or household purposes, this is sufficient to establish that Plaintiff's debt was a "debt" as defined under 15 U.S.C. § 1692a(5). *See McCorriston v. L.W.T., Inc.,* 536 F. Supp. 2d 1268, 1274 (M.D. Fla. 2008) (In response to the plaintiff's testimony that she used her credit card for household purposes, the court held that "[a]s Defendants have not otherwise rebutted this evidence, Plaintiff has pointed to sufficient record evidence that a consumer 'debt' existed, for the purposes of summary judgment.").

**VI.   Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the amount, character, and legal status of the debt when it failed to properly add post-judgment interest to the listed balance or notify Plaintiff that interest would no longer accrue.**

The FDCPA broadly prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Without limiting the general application of this prohibition, Congress enumerated specific conduct that expressly violates this section. One of which is "[t]he false representation of—the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, a "representation need not

be deliberate, reckless, or even negligent to trigger liability—it need only be false." *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007). Any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

Here, although the judgment obtained against Plaintiff states that the debt "shall bear interest" and Defendant was already attempting to collect $957.48 of post-judgment interest, the debt failed to increase between Defendant's January 8, 2016 letter and March 31, 2016 letters. Doc. 1 at ¶¶ 13, 21-22; Doc. 23 at ¶¶ 13, 21-22. Upon receipt of Defendant's collection letters, the least sophisticated consumer would not know whether the judgment was accruing interest because the debt's failure to increase between January 8, 2016 and March 31, 2016 was directly at odds with the mandatory language of the May 13, 2009 judgment. Because neither the original creditor nor Defendant advised Plaintiff on the status of his debt, the least sophisticated consumer could still reasonably believe that the post-judgment interest was accruing. This would prevent Plaintiff, or the least sophisticated consumer, from knowing the character and amount of the debt. While Plaintiff's subjective confusion is not necessary under the objective least sophisticated consumer standard, it is worth noting that Plaintiff was, in fact, unsure that the collection letters he received properly reflected the amount he owed. *McNamee Decl.* at ¶ 9. Plaintiff was also confused whether his debt would be subject to increase at a later time—despite remaining static from January 8 to March 31—because he had received nothing from either Capital One or Defendant which would have explained that post-judgment interest had been waived. *McNamee Decl.* at ¶ 5, 10.

Alternatively, if Defendant or the creditor is not actually permitted to waive the court mandated post-judgment interest then Defendant would have falsely represented the character and amount of the debt by failing to account for all the post-judgment interest that had accrued. Post-judgment interest is mandatory and applied automatically by Fla. Stat. § 55.03. *See Townsend v. R.J. Reynolds Tobacco Co.*, 192 So. 3d 1223, 1228 (Fla. 2016) ("We can recall few statutes that are as clear and unambiguous as the 2010 version of section 55.03(3): 'The interest rate established at the time a judgment is obtained *shall remain the same until the judgment is paid.*'") (quoting § 55.03, Fla. Stat. (2010)) (emphasis in original). In order to truly waive its right to interest, Defendant, or Capital One, must produce an express and specific agreement reflecting that post-judgment interest has been waived. *See Nielsen-Miller Const. Co. v. Pantlin/Prescott, Inc.*, 602 So. 2d 1366, 1369 (Fla. Dist. Ct. App. 1992) ("In order to waive post-default, prejudgment interest, the parties must expressly and specifically provide in some way that even post-default interest has been waived."). Because, Plaintiff has never received any express agreement or notification that Capital One waived post-judgment interest, interest would continue to accrue and Defendant, therefore, failed to accurately state the amount of the debt. *See McNamee Decl.* at ¶ 8.

Consequently, Defendant made false representations to Plaintiff regarding the character, amount, and legal status of the debt, which is exactly what the FDCPA prohibits at 15 U.S.C. § 1692e(2)(A). *See Carlisle v. Nat'l Commer. Servs.*, No. 1:14-CV-515-TWT, 2015 WL 4092817, at *11 (N.D. Ga. Jul. 7, 2015) ("[W]hen the debt collector attempts to collect the debt, it must state the correct amount of the debt.") (collecting cases). "Stating an incorrect amount of the debt undeniably violates section 1692e(2)(A)." *McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 911 F. Supp. 2d 1, 59 (D. Mass. 2012) (citing *Hepsen v. Resurgent Capital Services, LP*, 383 Fed. Appx. 877, 881 (11th Cir. 2010)).

Defendant misrepresented the amount of Plaintiff's debt in its January 8, 2016 and March 31, 2016 letters, and therefore Plaintiff is entitled to summary judgment on his claim under 15 U.S.C. § 1692e(2)(A).

## VII. Defendant violated 15 U.S.C. § 1692e(10) when Defendant's collection letters failed to inform Plaintiff that Capital One had instructed Defendant to cease collection of post-judgment interest.

The FDCPA establishes a general prohibition against the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e, 1692e(10). One of the goals of this section is "that the unsophisticated consumer is to be protected against confusion whatever form it takes." *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997). "The [FDCPA] is debtor-oriented. What the debtor needs to know is what he or she owes." *Marucci v. Cawley & Bergmann, LLP*, 66 F. Supp. 3d 559, 566–67 (D.N.J. 2014).

Defendant's January 8, 2016 letter and March 31, 2016 letters failed to inform Plaintiff in its collection letters that Plaintiff's debt was subject to increase due to the accrual of interest or alternatively, Defendant failed to inform Plaintiff that post-judgment interest had been waived. Doc. 1-2; Doc. 1-3. It was not until Plaintiff retained counsel that Defendant disclosed that it was instructed by the original creditor, Capital One, to waive post-judgment interest. Doc. 1 at ¶¶ 26-29; Doc. 23 at ¶¶ 26-29. However, as discussed in greater detail in Sec. VI, *supra*, because Defendant has failed to show an express agreement proving that Capital One had waived the debt, post-judgment interest has not been waived. In fact, Defendant has yet to offer any evidence regarding the veracity of its claim that post-judgment interest had been waived at some previous— and still undisclosed—time. Doc. 1 at ¶¶ 32-33; Doc. 23 at ¶¶ 32-33; *see also McNamee Decl.* at ¶ 8. Because the least sophisticated consumer would not know whether the judgment was accruing

9

interest, the omission of this information is deceiving and misleading to the least sophisticated consumer in violation of 15 U.S.C. 1692e(10).

This case is similar to *Avila v. Riexinger & Associates, LLC.*, recently decided by the Second Circuit. 817 F.3d 72 (2d Cir. 2016); *see also McNamee v. Debski & Associates, P.A.*, 8:16-CV-2272-T-33TBM, 2016 WL 5391396, at *3 (M.D. Fla. Sept. 27, 2016) (Court finding the holding in *Avila* persuasive in denying Defendant's motion to dismiss). In *Avila*, the debt collector sent each plaintiff a letter which stated a "current balance" without disclosing that the balance was increasing due to interest and was subject to further increases due to late fees. *Id.* at 74. In finding that the plaintiffs had stated a claim under 15 U.S.C. § 1692e, the *Avila* court held "that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e." *Id.* at 76. Therefore a debt collector may avoid liability under the FDCPA if it discloses that the amount owed will increase or "clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt . . . ." *McNamee*, 2016 WL 5391396, at *3 (citing *Avila*, 817 F.3d at 77); Doc. 13 at p. 8. Here, Defendant failed to clearly disclose the status of Plaintiff's debt and Defendant's letters are misleading. *See Melillo v. Shendell & Associates, P.A.*, 11-62048-CIV, 2012 WL 253205, at *4 (S.D. Fla. Jan. 26, 2012) ("Simply stating the amount due is not enough . . . The letter must state the amount of the debt clearly enough that the recipient is likely to understand it.") (quoting *Williams v. OSI Educ. Servs., Inc.,* 505 F.3d 675, 677 (7th Cir. 2007) (internal citations omitted); *Marucci v. Cawley & Bergmann, LLP*, 66 F. Supp. 3d 559, 566 (D.N.J. 2014) ("[B]ecause the balance could be either a dynamic or static amount . . . [the letters] are subject to two different interpretations as to the accumulation of interest, rendering them

deceptive under [§ 1692e(10)].") (internal citations omitted); *Dragon v. I.C. Sys., Inc.*, 483 F. Supp. 2d 198, 203 (D. Conn. 2007) (It is "misleading for the 'least sophisticated consumer' who could readily conclude that the total amount stated as due [] was due *at any time*, when in fact it was not . . . ."); *Jackson v. Aman Collection Serv.,* No. IP 01–0100–C–T/K, 2001 WL 1708829 at *3 (S.D. Ind. Dec. 14, 2001) (finding that plaintiff stated a claim because the accrual of interest was not sufficiently explained in the letter).

Defendant's lack of disclosures to Plaintiff regarding the debt in its January 8, 2016 and March 31, 2016 letters are false, misleading, or deceptive to the least sophisticated consumer. Therefore, Plaintiff is entitled to summary judgment on his claim under 15 U.S.C. § 1692e(10).

**VIII. Defendant violated 15 U.S.C. § 1692f for leaving Plaintiff unsure whether his debt was increasing due to the accrual of post-judgment interest and for refusing to provide evidence of verification of the same.**

The FDCPA establishes a general prohibition that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA specifically lists eight actions which would violate the section, however "the subsections are not intended to limit general application of the 'unfair or unconscionable' means prohibition." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1199 (11th Cir. 2010). While the FDCPA does not offer a definition for its use of the terms 'unfair' or 'unconscionable,' the Eleventh Circuit has looked to the plain meaning of these terms and has focused liability on whether the debt collector's act "has the tendency or capacity to deceive" or "affront[s] the sense of justice, decency, or reasonableness." *Id.* at 1200 (quoting *Jeter*, 760 F.2d at 1172) (quoting Black's Law Dictionary

1526 (7th ed. 1999)). Whether a debt collector uses unfair or unconscionable means is assessed under the least-sophisticated consumer standard. *Id.* at 1202.

In addition to the unfair and unconscionable means addressed above in Sec. VI and VII, because the least sophisticated consumer would be left wondering whether the judgment was truly accruing interest, Defendant's attempts to collect the debt were unfair and unreasonable. *See Leblanc*, 601 F.3d at 1200.

Defendant's lack of written disclosures to Plaintiff regarding the debt in its January 8, 2016 and March 31, 2016 letters would leave the least sophisticated consumer unsure whether the debt was increasing and Plaintiff would be left in the untenable position of either asking the debt collector about the accrual of interest or risk that that debt may rise again due to post-judgment interest. Defendant's failure to provide evidence of any express agreement to show that interest had truly been waived—even after such agreement was requested—was also unfair and unconscionable. *See McNamee Decl.* at ¶ 8. Without proof or notification that post-judgment interest had been waived, the least sophisticated consumer would be defenseless from Capital One, Defendant, or any subsequent debt buyer or collector from reinstating post-judgment interest—as mandated by the judgment and Florida statute—against Plaintiff at a later time. Therefore, Defendant used unfair or unconscionable means to attempt to collect Plaintiff's debt and he is entitled to summary judgment on his claim under 15 U.S.C. § 1692f.

## IX. Conclusion.

Defendant attempted to collect a debt from Plaintiff without clearly stating the nature of the debt and the amount owed. A judgment was obtained against Plaintiff stating that the debt would increase due to post-judgment interest, yet Defendant attempted to collect the same amount in both its January 8, 2016 and March 31, 2016 letters. Without further information, Plaintiff

would be left unsure about the status of his debt and whether Defendant was willing to accept payment of the amount in its collection letters at any time—a stance in conflict with the judgment obtained against him. The case law is clear and the facts are undisputed that Defendant's conduct violates 15 U.S.C. §§ 1692e(2)(A), 1692e(10), and 1692f. Plaintiff respectfully requests that this Court grant Plaintiff's motion for summary judgment.

Dated: December 2, 2016

Respectfully submitted,

/s/ Russell S. Thompson IV
Russell S. Thompson IV
(*pro hac vice*)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com

## CERTIFICATE OF SERVICE

I certify that on December 2, 2016, the foregoing was filed with the Court using CM/ECF, which will send a copy of such filing to all counsel of record.

/s/ Russell S. Thompson IV
Russell S. Thompson IV
