```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

JACOB MCNAMEE,

      Plaintiff,

v.                                  Case No. 8:16-cv-2272-T-33TBM

DEBSKI & ASSOCIATES, P.A.,

      Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiff Jacob McNamee's Motion for Summary Judgment (Doc. # 27), filed on December 2, 2016. Defendant Debski & Associates, P.A. filed its response in opposition on December 15, 2016. (Doc. # 31). For the reasons below, the Court denies the Motion.

**I.**    **Background**

McNamee was issued a credit card by Capital One Bank, a non-party to this action. (Doc. # 27-1 at ¶ 4). At some point, McNamee defaulted on his credit card payments and Capital One brought suit, which resulted in the entry of a stipulated judgment in favor of Capital One in the amount of $2,171.57 on May 13, 2009. (Doc. # 1 at ¶¶ 11-12; Doc. # 1-1; Doc. # 27-1 at ¶ 7; Doc. # 23 at ¶¶ 11-12). In 2014, Debski was

instructed by Capital One to no longer seek post-judgment interest as of November 12, 2014. (Doc. # 31-1 at ¶ 2; Doc. # 31-2). Then Debski sent McNamee two letters, the first dated January 8, 2016, and the second dated March 31, 2016. (Doc. ## 31-3, 31-4). Both letters listed the amount due as $3,129.05. (Doc. ## 31-3, 31-4). McNamee "never personally received any documentation or other notification which informed [him] of the original creditor or Defendant's intent to waive the continued accrual of post-judgment interest on the judgment." (Doc. # 27-1 at ¶ 8).

On August 9, 2016, McNamee instituted this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (Doc. # 1). The Complaint alleges Debski violated § 1692e(2)(A) (Count I), § 1692e(10) (Count II), and § 1692f (Count III). (Id.). Debski moved to dismiss the action, which the Court denied. (Doc. ## 6, 13). Thereafter, but before Court-ordered mediation occurred, McNamee filed the pending Motion. (Doc. # 27). Debski timely responded. (Doc. # 31). At this juncture, Court-ordered mediation resulted in an impasse (Doc. # 32), and the Motion is ripe for review.

## II. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the

3

pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel Works, Inc. v. Emp'rs Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).

**III. <u>Analysis</u>**

As a preliminary matter, the Court agrees with Debski that McNamee's Motion fails to comply with the undersigned's requirements for motions brought under Rule 56. U.S. Dist. Ct. M.D. Fla., Judicial Info, Virginia M. Hernandez Covington, Civil Motions, Statement of Material Facts, http://www.flmd.uscourts.gov/JudicialInfo/Tampa/JgCovington.htm ("The statement of material facts must list each material fact alleged not to be disputed in separate, numbered paragraphs. . . . <u>Failure to submit a statement of material facts constitutes grounds for denial of the motion.</u>"). Accordingly, the Motion is denied. See <u>Dyck-O'Neal, Inc. v. England</u>, No. 2:15-cv-27-FtM-38MRM, 2015 WL 6956546, at *1 (M.D. Fla. Nov. 10, 2015) (denying motion for summary judgment because it failed to comply with court's requirements regarding motions for summary judgment).

Even if the Court were to overlook McNamee's noncompliance, the Motion would still be denied on the merits.

> In order to prevail on an FDCPA claim, a plaintiff must plead and prove three elements. First, the plaintiff must have been the object of a collection activity arising from consumer debt. . . . Second, the defendant must be a debt collector as defined by the FDCPA. . . . Third, the defendant must have engaged in an act or omission prohibited by the FDCPA. . . .

5

Erickson v. Gen. Elec. Co., 854 F. Supp. 2d 1178, 1182 (M.D. Fla. 2012). Here, McNamee alleges Debski violated § 1692e(2)(A) by falsely representing the character, amount, or legal status of the debt; Debski violated § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; and Debski violated § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt.

The Eleventh Circuit applies the least-sophisticated standard to evaluate whether a violation of §§ 1692e or 1692f has occurred. LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193, 1200 (11th Cir. 2010).

> "'The least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." . . . . However, the test has an objective component in that "[w]hile protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness . . . ."

Id. at 1194.

McNamee's argument that he is entitled to summary as to his § 1692e claims fails because "[w]hether a particular communication is false or deceptive is a question for the jury." Bishop v. Ross Earle & Bonan, P.A., 817 F.3d 1268,

1274 (11th Cir. 2016) (citing <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168, 1178 (11th Cir. 1985)).

Furthermore, McNamee, who bears the burden of proof at trial, has failed to "show *affirmatively* the absence of a genuine issue of material fact . . . support[ed] . . . with credible evidence . . . that would entitle [him] to a directed verdict if not controverted at trial." <u>United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys. in Ala.</u>, 941 F.2d 1428, 1438 (11th Cir. 1991) ("In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party.") (citation omitted). McNamee has not produced any evidence affirmatively showing that the amount listed on the two letters was false.

In contrast, Debski has submitted an affidavit showing that the creditor instructed Debski to cease collecting interest, which would imply that the amount listed on the two letters was not false. (Doc. # 31-1). Thus, Debski has "come[] forward with significant, probative evidence demonstrating the existence of a triable issue of fact." <u>Four Parcels of Real Prop.</u>, 941 F.2d at 1438 (citation omitted).

7

The parties also dispute whether the Court should adopt the reasoning of Avila v. Riexinger & Associates, LLC, 817 F.3d 72 (2d Cir. 2016) (concluding "collection notices . . . [that] stated only the 'current balance' but did not disclose that the balance might increase due to interest and fees" violated § 1692e), or that of Dick v. Enhanced Recovery Co., LLC, No. 15-cv-2631, 2016 WL 5678556, at *5 (E.D.N.Y. Sept. 28, 2016) (reasoning that Avila does not apply when interest and fees are not actually accruing). Resolution of that dispute, however, depends on whether interest was, in fact, accruing when the two letters were sent. As stated, McNamee has not shown affirmatively the absence of a genuine issue of material fact with respect to whether interest was accruing when the letters were sent and, even if he had, Debski presented evidence creating a genuine issue of material fact.

As to McNamee's claim that Debski violated § 1692f, the Court also finds summary judgment is inappropriate. Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect a debt." § 1692f. This section of the FDCPA "serves a backstop function, catching those 'unfair practices' which somehow manage to slip by the reach of the FDCPA's enumerated

prohibitions." Brown v. Credit Mgmt., LP, 131 F. Supp. 3d 1332, 1342 (N.D. Ga. 2015).

McNamee's arguments in support of his Motion merely rely on the same conduct alleged to have violated §§ 1692e(2)(A) and 1692e(10). Thus, McNamee has failed to show that he is entitled to summary judgment as to Count III. See Havison v. Williams Alexander & Assocs., Inc., No. 15-cv-7059(CCC-SCM), 2016 WL 7018532, at *2 (D.N.J. Nov. 30, 2016); Brown, 131 F. Supp. 3d at 1342; Miljkovic v. Shafritz & Dinkin, P.A., No. 8:14-cv-635-T-33TBM, 2014 WL 3587550, at *10 (M.D. Fla. July 18, 2014).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Jacob McNamee's Motion for Summary Judgment (Doc. # 27) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of December, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE